

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARCHWAY INSURANCE SERVICES, LLC; et al., | No. 14-16695 |
| Plaintiffs-Appellants, | D.C. No. 2:11-cv-01173-JCM-CWH |
| v. | |
| JAMES HARRIS and GREGORY HARRIS, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| HARRIS CONSULTING SERVICES, INC., | |
| Defendant. | |

| | |
|---|---|
| ARCHWAY INSURANCE SERVICES, LLC; et al., | No. 14-16717 |
| Plaintiffs-Appellees, | D.C. No. 2:11-cv-01173-JCM-CWH |
| v. | |
| JAMES HARRIS; et al., | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted July 6, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

**1.** The district court correctly found that the Harrises' unapportioned offer of judgment was valid. Nevada Rule of Civil Procedure (NRCP) 68 and Nevada Revised Statute (NRS) § 17.115 permit an award of attorney's fees against a party who rejects an offer of judgment and obtains a less favorable outcome. *Albios v. Horizon Cmties., Inc.*, 132 P.3d 1022, 1028 (Nev. 2006).[1] When a defendant makes an unapportioned offer of judgment to multiple plaintiffs, NRCP 68 and NRS § 17.115 require the defendant to show that the plaintiffs asserted a "single

---

[**] The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

[1] The Nevada Legislature repealed NRS § 17.115 effective October 1, 2015. The Nevada Supreme Court has continued to apply NRS § 17.115 to offers of judgment made before that date. *E.g.*, *WPH Architecture, Inc. v. Vegas VP, LP*, 360 P.3d 1145, 1146 n.1 (Nev. 2015).

common theory of liability" and that "the same person was authorized to decide whether to settle the claims of all plaintiffs." *Id*. at 1031.

Plaintiffs asserted a single common theory of liability. Their complaint contained two counts against the Harrises, both of which were labeled "Plaintiffs v. James Harris and Gregory Harris." The prayer for relief does not differentiate among the plaintiff companies. The district court correctly found that the complaint alleged a common theory of liability.

The court also ruled correctly on the settlement authorization prong. A group of four individuals, all principal owners of the four plaintiff businesses, was authorized to settle the claims of all plaintiffs. The businesses were jointly represented by one set of lawyers, which suggests that they had a "unity of interest." *See RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 30 (Nev. 2005).

The Harrises' unapportioned offer satisfied both the settlement authorization and single common theory requirements. The district court properly awarded attorney's fees under NRCP 68 and NRS § 17.115.

**2.** The district court did not abuse its discretion in denying the Harrises' request for fees related to the voluntarily dismissed claim. The court's local rules required the Harrises to review and edit their motion for fees. U.S. Dist. Ct. Rules

D. Nev., LR 54-14(c) (formerly LR 54-16).  The Harrises' attorney submitted a declaration that did not separately itemize fees related to the dismissed claim.  The court properly found that the dismissed claim was not related to the remaining claims since they alleged different conduct.  *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997).  By failing to remove the unrelated fees from their request, the Harrises failed to comply with the local rule.  The district court did not abuse its discretion in denying the Harrises' request for fees related to the voluntarily dismissed claim on that basis.  *See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1476 (9th Cir. 1986).

**AFFIRMED.**